

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-20-00004-CV

**CITY OF SAN ANTONIO**, Texas, Ron Nirenberg, Mayor of the City of San Antonio, Erik Walsh, City Manager of the City of San Antonio, Jennifer Herriot, Interim Director of the San Antonio Metropolitan Health District, Marilyn Washington, and Texas Organizing Project Education Fund,
Appellants

v.

**ASSOCIATED BUILDERS AND CONTRACTORS OF SOUTH TEXAS, INC.**, American Staffing Association, BBM Online, LLC d/b/a BBM Staffing, The Burnett Companies Consolidated, Inc. d/b/a Burnett Specialists, Cardinal Senior Care, LLC d/b/a Cardinal Med Staffing, Choice Staffing, LLC, eEmployers Solutions, Inc., Hawkins Associates, Inc. d/b/a Hawkins Personnel Group, LeadingEdge Personnel, Ltd., Staff Force, Inc. d/b/a Staff-Force Personnel Services, San Antonio Manufacturers Association, San Antonio Restaurant Association, Texas Retailers Association, Association of Convenience Store Retailers, South Texas Merchants Association, and The State of Texas,
Appellees

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI13921
Honorable Peter Sakai, Judge Presiding

### DISSENT TO GRANT OF OPPOSED MOTION TO ABATE

Dissenting Opinion by: Rebeca C. Martinez, Justice

Sitting:      Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed: March 4, 2020

This appeal concerns the City of San Antonio's Sick & Safe Leave Ordinance, which the

trial court ordered temporarily suspended for all purposes on December 12, 2019. *See* San

Antonio, Tex., Ordinance No. 2019-10-03-0795 (codified at San Antonio City Code, ch.15, art. XI, §§ 15-269–281 (2019)).  Several businesses and business associations that are parties to this appeal[1] filed a motion to abate the appeal "on the ground that the Supreme Court of Texas is currently considering the same dispositive legal issues with a substantively identical ordinance to that at the center of the dispute underlying this appeal."  These movants also express concern that "this court may unnecessarily expend its judicial resources to proceed on an appeal that would address issues that a pending Supreme Court case could soon moot by a dispositive determination."  To their credit, the movants express no concern for their own expenditure of time and resources to develop the issues in the instant appeal—an appeal which concerns the health and pocketbooks of workers and employers citywide and the public health writ large—and we should not consider same.  I dissent because the movants have not established their premise that the Texas Supreme Court is considering the same dispositive legal issues and because we have the resources and, I believe, the responsibility to weigh the matter of abatement after the parties have fully briefed the merits of this appeal.  I would carry the opposed motion to abate with the case.

Pending before the Texas Supreme Court is *City of Austin, Texas v. Texas Ass'n of Business*, No. 19-0025.  Unknown to anyone outside the supreme court are the issues, if any, the supreme court is considering.  To date, the supreme court has not granted a petition for review in that case; it has only requested briefing.[2]  The briefing publicly available,[3] shows that the parties

---

[1] These parties are: Associated Builders & Contractors of South Texas, Inc., American Staffing Association, The Burnett Companies Consolidated, Inc. d/b/a Burnett Specialists, Cardinal Senior Care, LLC d/b/a Cardinal Med Staffing, Choice Staffing, LLC, eEmployers Solutions, Inc., Hawkins Associates, Inc. d/b/a Hawkins Personnel Group, LeadingEdge Personnel, Ltd., Staff Force, Inc. d/b/a Staff-Force Personnel Services, San Antonio Manufacturers Association, and San Antonio Restaurant Association.  Appellees Texas Retailers Association, Association of Convenience Store Retailers, South Texas Merchants Association, and The State of Texas do not oppose the motion.  Appellee BBM Online, LLC d/b/a BBM Staffing has not provided its position on the motion.
[2] The reply brief of the City of Austin and related parties remains outstanding and is due on March 9, 2020.  *See* Letter of Notice Granting Extension of Time, No. 19-0025 (Tex. Jan. 31, 2020).
[3] Available at: Case information for Case: 19-0025, TEX. JUD. BRANCH: SUPREME CT., http://www.search.txcourts.gov/Case.aspx?cn=19-0025&coa=cossup (last visited Mar. 3, 2020).

have asserted issues regarding (1) the standard of review applied by the intermediate appellate court, (2) the elements for a temporary injunction, and (3) whether necessary elements as to harm and the probable right to relief have been meet.  Based on this limited information, it is purely speculative to assume that the supreme court will grant a petition for review in the appeal, let alone to assume that the supreme court will decide the case on any one of the numerous issues briefed in that appeal.  Only some of those issues may be dispositive to the instant appeal.  Compounding the uncertainty as to whether there exists any overlap between the issues in the instant appeal and the issues in the appeal before the Texas Supreme Court is our ignorance of the issues in the instant appeal.  The only issues we know of are those asserted by Marilyn Washington and the Texas Organizing Project Education Fund (collectively "TOP") for the simple reason that only TOP has filed a brief.[4]  In light of this uncertainty, I would carry the motion to abate with the case, so that the parties could brief their issues.  The submission panel, with the benefit of full briefing, would be in a better position to review whether there is, in fact, overlap that could warrant abatement.

An appropriate rational for deciding the matter of abatement now, rather than after briefing, is efficiency.  If we were to postpone our decision, as I would do, we would review a full set of briefs in a few weeks' time.[5]  The parties would have to produce these briefs were we ultimately to abate the case after submission.  Weighing against efficiency is the cost to abate, which is an indefinite delay to the appeal that may not be warranted.

The better course is to postpone our decision on abatement because of these costs.  Efficiency must be tempered by our goal to avoid the injustice that can result from a delay in

---

[4] The other appellants, which are the City of San Antonio and its representatives (collectively the "City"), have requested an extension of time to file their brief, which remains pending.  The City and TOP oppose the motion to abate.

[5] This is an accelerated case, which requires expedited briefing and precedence on our docket.  *See* TEX. R. APP. P. 38.6; 40.1(b).

handing down a decision. *See* TEX. R. APP. P. STANDARDS ("The court will endeavor to avoid the injustice that can result from delay after submission of a case."); TEX. R. APP. P. 43.1 ("The court of appeals should render its judgment promptly after submission of a case."); *cf.* TEX. R. CIV. P. 1 ("The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law . . . with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable.").

TOP contends that 340,000 workers are harmed hourly when they are prevented by the trial court's injunction from accruing or using the benefits required by the San Antonio ordinance. TOP also argues that unchallenged provisions in the ordinance can be severed to provide workers with (1) "unpaid" sick leave, (2) protection from employer retaliation, and (3) the ability to use leave for such purposes as reporting domestic violence. TOP and the City of San Antonio assert that there exists a severance provision in the San Antonio ordinance that has no analogue in the Austin ordinance before the Texas Supreme Court. If these contentions prove true, our indefinite delay in deciding the instant appeal may be unjust to hundreds of thousands of workers and injurious to the public health.

I dissent because the potential for injustice is too great and the benefit of abatement is too speculative.

Rebeca C. Martinez, Justice